NOVEMBER 10, 1802.

# Jos. Aiken *v.* Irvine, Prather and Bullock.

*Upon an appeal from a decree of the Bardstown District Court.*

Where the location of the objects called for in an entry can not be determined with any reasonable degree of certainty, the entry can not be sustained.

Aiken v. Irvine.

In this cause, very contradictory testimony has been adduced concerning a small spring and tree marked T D, which are called for in Aiken's entry, who was complainant in the court below. But it is not necessary to decide on this testimony until it shall be found that the entry does in other respects comply with the requisitions of the law. The entry is as followeth: "Joseph Aiken enters 500 acres upon a treasury warrant, on the waters of Hardin's creek, about two or three miles from Thomas Denton's camp, called the hunting camp, to include a small spring on the east side of the north fork of said creek, including a tree marked T D, running up on both sides of the said branch for quantity, and down the same." It appears that shortly after this entry was made, the place now shown as the place where the tree called for in the entry was situated, was known as such by a few persons; it, however, is not proven that this knowledge was ever sufficiently general amongst those who were acquainted with that part of the country to give validity to the entry on account of the notoriety of this call; more especially as Thomas Denton, who was the locator, testifies in his deposition that he marked other trees on the waters of Harden's creek, above the one in question; and from Robert Blain's deposition, the presumption is strong that T D was marked on a tree which would better fit the call in the entry, "about two or three miles from Thomas Denton's camp, called the hunting camp." The call "to include a small spring on the east side of the north fork of Hardin's creek," must, in a general point of view, be considered as indefinite; and much more so because it can not be collected from the entry that the spring and marked tree were at or near the same place, and because it appears from the surveyor's report that the general course of this fork is nearly due west, and therefore it can not with propriety be said to have any east side. To cure this defect and to give efficacy to the call "running up on both sides of the said branch," etc., it has been urged by the counsel for the appellant, that after the words in the entry, "east side of," should be inserted, a branch emptying into           , as having evidently been left out of the entry by the inadvertence either of the locator or surveyor. If such an addition thereto were admissible (on which the court will not now decide), still the entry would be materially defective, inasmuch as there would then be no call pointing out on which side of the north fork of Hardin's creek the branch intended emptied itself. Therefore, it seems to this court, that the court below did with propriety

dismiss the complainant's bill as to the heirs of Prather. But it is proven and urged that Thomas Denton made both Aiken's entry and Irvine's, and as Aiken's was made first, his claim for this reason should have been preferred. To make this circumstance a safe ground of reliance, it should appear that Denton had a personal interest in Irvine's entry; and thus far only this court has gone in the case of *Ward* against *Wood, etc.* It therefore seems that the complainant's bill was also properly dismissed as to Irvine. But as the heirs or transferrees of Bullock were made joint defendants, and it not appearing that the complainant's bill was taken *pro confesso*, and the suit set for hearing as to one of them, the bill as to Bullock's heirs ought not to have been dismissed.

Wherefore, it is decreed and ordered, that the said decree of dismissal, so far as it relates to John Irvine and the heirs of Thomas Prather, be affirmed; and that the appellant, Akin, do pay unto them their costs expended in this court. And it is further decreed and ordered, that the said decree, so far as it relates to the heirs or transferrees of Edward Bullock, be reversed, and the suit as to them remanded to the said district court, that further proceedings may be had therein, according to law and equity, which is ordered to be certified to the said court.